Filed 2/10/15  P. v. Romero CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049884 |
| v. | (Super. Ct. No. 10CF2917) |
| ALEJANDRO ROMERO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Richard F. Toohey, Judge.  Affirmed.

Alejandro Romero, in pro. per.; and Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Alejandro Romero pled guilty to one count of first degree murder, and was sentenced to 25 years to life. Defendant's request for a certificate of probable cause was denied. We appointed counsel to represent defendant on appeal. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), setting forth the facts of the case, raising no issues, and requesting that we independently review the entire record. We provided defendant 30 days to file written argument on his own behalf; he did so.

We have examined the entire record, appointed appellate counsel's *Wende/Anders* brief, and defendant's supplemental brief; we find no reasonably arguable issue. (*Wende, supra,* 25 Cal.3d 436.) We therefore affirm.

BACKGROUND

Defendant and a codefendant were charged in an information with one count of first degree murder. (Pen. Code, § 187, subd. (a).) The information alleged the murder occurred during the commission or attempted commission of robbery, kidnapping, and burglary (*id.*, § 190.2, subd. (a)(17)(A), (B) & (G)), and that defendant and the codefendant personally and intentionally discharged firearms during the commission of the crimes, causing great bodily injury or death (*id.*, § 12022.53, subd. (d)).

The People sought to use the codefendant's statement against defendant at trial, and therefore moved to sever their trials. The motion was granted, and the codefendant was found guilty.

After defendant's trial began, he pled guilty to first degree murder, pursuant to a negotiated plea agreement. All sentencing enhancement allegations were dismissed as part of the plea agreement. As a factual basis for the plea, the trial court accepted the following statement from defendant: "In Orange County, California, on June 5, 2000 I

2

participated in an armed robbery with Gladys Romero. During that robbery Juan Gomez was shot and died from his injuries."

Pursuant to the plea agreement, the trial court sentenced defendant to an indeterminate term of 25 years to life. Defendant was ordered to pay victim restitution, and was awarded 1,198 days of presentence custody credits.

Defendant, in propria persona, filed a notice of appeal and a request for a certificate of probable cause. Defendant's request reads as follows: "I petitioner want to contest my plea, that was given to me on the fact that My Lawyer never visited me, never informed me of anything regarding my case. Also my co-defendant was found guilty on all the charges thr[ough] jury trial and was pointed out as the shooter. She was going to testify after she lost her trial which only states she was willing to lie to get a better deal (sentence). The District Attorney present[ed] her as the shooter [be]cause of the evidence and witnesses presented. I would like to get my life sentence reduced. I Petitioner Respectfully contest I was denied ineffective Assistance of counsel on all stages. My defense counsel Did <u>Not</u> file proper discovery motions which Exonerates me from this murder case. Petitioner tr[i]ed to raise issues which my defense counsel denied." The trial court denied defendant's request for a certificate of probable cause.

On appeal, the parties stipulated to amend the notice of appeal to state that defendant's appeal was "based on the sentence or other matters occurring after the plea." This court accepted the parties' stipulation.

ANALYSIS OF POTENTIAL ISSUES

When a defendant files a notice of appeal following entry of a guilty plea, our jurisdiction is limited. We may consider the propriety of the defendant's sentence or other matters occurring after the plea that do not affect its validity, or the correctness of the denial of a motion to suppress evidence. A challenge based on the validity of the plea or admission, or any other grounds for appeal, requires that the trial court grant a request

3

for a certificate of probable cause. (Cal. Rules of Court, rule 8.304(b); *People v. Mendez* (1999) 19 Cal.4th 1084, 1104.) As explained *ante*, in this case, defendant's request for a certificate of probable cause was denied by the trial court, and the notice of appeal was amended to challenge the sentence or other matters occurring after defendant's guilty plea was entered. Neither appellate counsel's *Wende/Anders* brief nor defendant's supplemental brief mentions denial of a motion to suppress evidence.

Defendant's sentence as imposed was consistent with the terms of the negotiated plea agreement. Nothing about the sentence as imposed was improper. Defendant's presentence custody credits were properly calculated, and the victim restitution order was appropriate. We find no issues based on the sentence or other matters occurring after the plea.

In his supplemental brief, defendant argues that his trial counsel was incompetent, failed to communicate with him before trial, and failed to provide him with copies of relevant documents, such as police reports. Given the stipulated modification to the language of the notice of appeal, and the trial court's denial of defendant's request for a certificate of probable cause, we lack jurisdiction to consider the issues raised by defendant's supplemental brief.

Our review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, including the possible issues suggested by defendant, has disclosed no reasonably arguable appellate issue. Competent counsel has represented defendant in this appeal.

4

DISPOSITION

The judgment is affirmed.


FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.